UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SANDRA EBRON,

    Plaintiff,

    v.

DEPARTMENT OF THE ARMY,

    Defendant.

Civil Action No. 09-01961 (BAH)
Judge Beryl A. Howell

## MEMORANDUM OPINION

The plaintiff, Sandra Ebron, is an African American female over the age of 55, who was previously employed as a Trends Analyst by the defendant, the United States Army Office of the Inspector General. Compl. ¶¶ 4-6; Def.'s Mot. Dismiss, Ex. 1. The plaintiff alleges that the U.S. Army discriminated against her in violation of Title VII of the Civil Rights Act of 1964, and she now seeks two million dollars in damages, attorney's fees, and punitive damages. Currently before the Court is the defendant's Motion to Dismiss for Failure to State a Claim and Improper Venue. The Court concludes that the District Court for the District of Columbia is the improper venue for the plaintiff's claim, and therefore TRANSFERS the case to the Eastern District of Virginia and DENIES as moot the defendant's Motion to Dismiss.

## BACKGROUND

On October 15, 2009, the plaintiff filed a complaint in this Court against her former employer, the United States Army, alleging that the defendant discriminated against her because of her race and age in violation of Title VII of the Civil Rights Act of 1964. Specifically, the plaintiff alleges that her superiors berated her, declined to give her awards, and imposed unreasonable work requirements. Compl. ¶¶ 6-7. In response to this alleged discrimination, the

plaintiff filed a grievance with the U.S. Army's Equal Employment Opportunity office (hereinafter "EEO") on April 2, 2008. Def. Mot. Dismiss, Ex. 1 (EEO Counselor's Report, Apr. 8, 2008). After reviewing her claim, the EEO notified her on April 30, 2008 that she had fifteen days to file a formal complaint with the office. Def. Mot. Dismiss, Ex. 3 (EEO Memorandum, Apr. 30, 2008), ¶ 2. On May 28, 2008, the plaintiff filed a formal complaint, which the EEO dismissed on February 11, 2009 for failure to comply with the specified fifteen day filing deadline. Def. Mot. Dismiss, Ex. 4 (EEO Formal Compl., May 28, 2008), Ex. 6 (EEO Notice of Dismissal, Feb. 11, 2009). In its decision, the EEO notified the plaintiff that she had thirty days to file an appeal with the U.S. Equal Employment Opportunity Commission ("EEOC") Office of Federal Operations. Def. Mot. Dismiss, Ex. 6 (EEO Notice of Dismissal, Feb. 11, 2009), at 3. The plaintiff filed an appeal with the EEOC on April 2, 2009, Def. Mot. Dismiss, Ex. 7 (EEOC Notice of Appeal, Apr. 2, 2009); and the EEOC denied her appeal on July 15, 2009 for failure to show that the alleged discriminatory actions were sufficiently severe. Compl. Ex. 1 (*Ebron v. Geren*, EEOC Decision No. 0120091925, (July 15, 2009)), at *1-2. The plaintiff subsequently filed a complaint in this Court.

In response to the plaintiff's complaint, the defendant filed a Motion to Dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and improper venue under Rule 12(b)(3). The defendant argues that dismissal is warranted because the plaintiff failed to exhaust her administrative remedies in a timely fashion, and because the U.S. District Court for the District of Columbia is the improper venue. In the alternative, the defendant urges the Court to transfer the case to the Eastern District of Virginia, the proper venue for the plaintiff's claims.

The plaintiff filed an opposition to this motion, which does not refute that the District of Columbia is the improper venue for her claim, or supply additional information in an effort to maintain her action in this Court. Rather, the plaintiff argues that the Court should not dismiss the claim, and instead should transfer the case. Pl.'s Opp. Mot. Dismiss, at 1-2 ("The interests of justice would be served by transfer because dismissal would, in effect, end Plaintiff's case."); *id.* at 2 ("It is in the interests of justice to transfer this case because plaintiff did in fact exhaust all administrative remedies against defendants.").

## FAILURE TO CONTEST IMPROPER VENUE

"It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Laukus v. United States*, 691 F. Supp. 2d 119, 127 (D.D.C. 2010); *see also Day v. D.C. Dep't of Consumer & Regulatory Affairs*, 191 F. Supp. 2d 154, 159 (D.D.C. 2002) ("If a party fails to counter an argument that the opposing party makes in a motion, the court may treat that argument as conceded.").

By failing to argue that the District of Columbia is the proper venue for her claim, the plaintiff concedes that it is not. The Court is not required to further analyze whether the case was properly filed in this Court. Nonetheless, the Court will discuss Title VII's venue provision and why the proper venue for the plaintiff's claim is not in the District of Columbia, but rather in the Eastern District of Virginia.

## STANDARD OF REVIEW

When presented with a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), the Court "accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor and

resolves any factual conflicts in the plaintiff's favor." *James v. Verizon Servs. Corp.*, 639 F. Supp. 2d 9, 11 (D.D.C. 2009). The Court, however, need not accept the plaintiff's legal conclusions as true, and may consider material outside the pleadings, including undisputed facts evidenced in the record, to determine whether it has jurisdiction in the case. *See Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005); *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003); *Herbert v. Nat'l Acad. of Sci.*, 974 F.2d 192, 197 (D.C. Cir. 1992); *Harvey v. Astrue*, 667 F.Supp.2d 138, 140 (D.D.C. 2009). "To prevail on a motion to dismiss for improper venue, the defendant must present facts that will defeat the plaintiff's assertion of venue." *Khalil v. L-3 Commc'ns Titan Grp.*, 656 F. Supp. 2d 134, 135 (D.D.C. 2009).

## DISCUSSION

Title VII of the Civil Rights Act contains a specific venue provision, which "controls any other venue provision governing actions in federal court." *Donnell v. Nat'l Guard Bureau*, 568 F. Supp. 93, 94 (D.D.C. 1983). Under 28 U.S.C. § 2000e-5(f)(3), all claims brought under Title VII must be filed in the judicial district where (1) the unlawful employment practice is alleged to have been committed, (2) the employment records relevant to such practice are maintained and administered, or (3) the aggrieved person would have worked but for the alleged unlawful employment practice. 28 U.S.C. § 2000e-5(f)(3) (2010). If the defendant is not found in those districts, then the plaintiff may bring an action in the judicial district where the respondent has its principal office. *Id.*

The plaintiff fails to establish that the District of Columbia is the proper venue under any basis set forth in the Title VII venue provision. Under the first subsection, the plaintiff may bring an action in the judicial district where the alleged acts of discrimination were committed.

4

The plaintiff alleges that her superiors discriminated against her in the workplace, and does not allege that any unlawful acts were committed outside her place of employment. *See generally* Compl. The defendant has supplied uncontested evidence that the plaintiff's workplace was located in Arlington, Virginia, not in the District of Columbia. Def. Mot. Dismiss, Ex. 2, Decl. of John Robert Leonard, Sr. (hereafter "Leonard Decl."), ¶ 3 .

Under the second and third subsections of Section 2000e-5(f)(3), venue is also proper in the judicial district in which "employment records relevant to [the alleged unlawful] practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3). The defendant asserts, and the plaintiff does not contest, that plaintiff's employment records are located either in St. Louis, Missouri or in Arlington, Virginia. Def. Mot. Dismiss, Ex. 2, Leonard Decl., ¶ 5. Furthermore, the plaintiff does not allege that she would have worked in the District of Columbia but for her employer's alleged unlawful actions. *See generally* Compl. The plaintiff therefore fails to establish proper venue through either the second or third subsections of Section 2000e-5(f)(3).

If the defendant is not found in any of the three previous districts, the plaintiff may file a claim in the judicial district where the defendant "has his principal office." 42 U.S.C. § 2000e-5(f)(3). The Court need not consider this basis for venue because the defendant can be found in Arlington, Virginia, where the alleged unlawful employment practices occurred, plaintiff's employment records are located, and where she would have worked but for the discrimination.

Even if the Court did apply the fourth venue subsection of Section 2000e-5(f)(3), venue would only be proper in the Eastern District of Virginia. The U.S. Army may have offices in the District of Columbia, but its principal office is located in the Pentagon in Arlington, Virginia.

5

*See e.g. Khalil*, 656 F. Supp. 2d at 136 (refusing to consider the fourth subsection of Section 2000e-5(f)(3) because employment records and the defendant were located outside the judicial district, but stating that "while [the defendant] does have offices in the District of Columbia, its headquarters (and likely its "principal office") are located in Reston, Virginia." (internal citations omitted)).

The plaintiff has failed to establish that any of the alleged unlawful acts occurred in the District of Columbia, that any employment records relevant to her claim are maintained or administered in this judicial district, or that she would have been employed in the district but for the plaintiff's actions. Title VII's specific venue provision therefore does not allow the plaintiff to file her claim in this Court.

When venue is improper, the Court must dismiss the claim or, "if it be in the interest of justice, transfer [it] to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Although the decision to transfer or dismiss is committed to the sound discretion of the district court, the interest of justice generally requires transferring a case to the appropriate judicial district in lieu of dismissal. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962); *see also James*, 639 F. Supp. 2d at 16 (employment discrimination claim transferred to jurisdiction with proper venue rather than dismissed in interest of justice); *Haley*, 667 F. Supp. 2d at 142 (same).

The defendant urges the Court to dismiss this action in the "interests of judicial economy" because the plaintiff did not exhaust her administrative remedies. Def.'s Reply to Pl.'s Opp. Mot. Dismiss, at 5. As the defendant acknowledges, the exhaustion requirement is not a jurisdictional prerequisite to suit, but is more like a statute of limitations, which is subject to waiver, estoppel and equitable tolling. Def.'s Mot. Dismiss, at 4 (citing *Zipes v. Trans World*

6

*Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Jarrell v. United States Postal Serv.*, 753 F. 2d 1088, 1091 (D.C. Cir. 1985); *Hewitt v. Rice*, 560 F. Supp. 2d. 61, 64 n.2 (D.D.C. 2008)). While the defendant argues that plaintiff failed to file both her formal EEO complaint and her appeal of the decision dismissing that complaint in a timely manner, the plaintiff disputes these assertions and contends, in any event, that the defendant waived any untimeliness of her claims. Pl.'s Opp. Mot. Dismiss, at 2. The Court declines to resolve this factual dispute and consider the merits of defendant's Rule 12(b)(6) Motion to Dismiss because the case is not properly before this Court. *See Haley*, 667 F.Supp.2d 138, 142 n.6.

Dismissal of this suit would require the plaintiff to re-file the action in the Eastern District of Virginia, where venue is proper. Both parties agree, however, that the re-filed suit would be barred by the applicable 90-day statute of limitations for filing a judicial complaint. Pl.'s Opp. Mot. Dismiss, at 2; Def.'s Reply to Pl.'s Opp. Mot. Dismiss, at 5. The Title VII venue provision expressly refers to transfer of matters, pursuant to 28 U.S.C. §1406(a), which is a provision that was enacted to avoid "the injustice which had often resulted to plaintiffs from dismissal of their actions" and "plaintiff's losing a substantial part of its cause of action under the statute of limitations." *Goldlawr*, 369 U.S. at 466. In these circumstances, transfer of the case for resolution in the court with proper venue is appropriate.

## CONCLUSION

The Court TRANSFERS this case to the Eastern District of Virginia, which is the proper venue to consider plaintiff's Title VII claim, and DENIES as moot defendant's Motion to Dismiss. An Order consistent with this Memorandum Opinion will be entered.

February 23, 2011

                                                               /s/ Beryl A. Howell
                                                           BERYL A. HOWELL
                                                           United States District Judge